### SURRY COUNTY v. GUY SPARGER.

(Filed 25 February, 1931.)

1. **Actions B b—Defendant in this case was agent and not officer of county, and injunction would lie to determine right to position.**

   Where a statute creating a county highway commission authorizes such commission to employ a superintendent of roads and such subordinates as may be necessary, and thereinafter refers to such superintendent and subordinates as "agents or employees": *Held*, the superintendent is an agent of the county and not an officer thereof, it appearing that the Legislature so contemplated him, and it is not necessary that the right of one claiming such office by appointment be tested by proceedings in the nature of a *quo warranto*, but injunctive proceedings will lie to enjoin him from exercising the authority of superintendent.

2. **Highways C a—Purchasing agent of Surry County held not to have power to employ road superintendent upon his sole authority.**

   In construing chapter 235, Public-Local Laws of 1919, chapter 141, Public-Local Laws of 1925, and chapter 167, Public-Local Laws of 1927, it is *held:* the county purchasing agent of Surry County is not authorized to employ a road superintendent upon his sole authority.

CIVIL ACTION, before *Finley, J.,* at August Term, 1930, of SURRY.

Chapter 235, Public-Local Laws of 1919, created a highway commission for Surry County, and in section 7 thereof, authorized said highway commission to employ a road superintendent and such subordinates as might be necessary to carry out the provisions of the law. Chapter 141, Public-Local Laws of 1925, created a new office for Surry County, known as purchasing agent, tax supervisor and bookkeeper. Chapter 167, Public-Local Laws of 1927, among other provisions, amended section 6 of the act of 1925 above referred to. Section 6, as amended, reads as follows: "That it shall be the duty of this officer, under the direction of the board of county commissioners, to act as general purchasing agent for any or all of the county departments or institutions under rules and regulations to be prescribed by the board of county commissioners. The duties and powers of such officer shall include purchases, employment and other contractual obligations of the highway commission of Surry County."

B. F. Folger was duly appointed purchasing agent, tax supervisor, etc., of Surry County. On 5 July, 1928, the said Folger recommended U. G. Belton as supervisor of roads of Surry County. It is alleged that Belton resigned as supervisor of roads and tendered his resignation to Folger. At any rate the board of county commissioners of Surry County adopted certain resolutions on 15 August, 1930, providing in substance that in the event there should be a vacancy in the position of road superintendent that the purchasing agent should recommend to the board of county commissioners a successor. On the same day Belton tendered his resignation as road superintendent to the board of commissioners, said board accepted the resignation, but directed that he should still perform the duties of the position until his successor should be appointed and qualified. Said board also notified Folger, the purchasing agent, to nominate or recommend a successor for Belton. Folger declined to nominate or recommend a successor for Belton, but it is alleged that without the approval of the board of county commissioners Folger had appointed Guy Sparger, the defendant, to act as road superintendent. Thereupon this action was instituted by the county to restrain Sparger from exercising the duties of the employment.

The judgment of the trial judge is as follows:

"This cause coming on to be heard, and being heard, before his Honor, T. B. Finley, judge of the Superior Court holding the courts for the Eleventh Judicial District of North Carolina, at the courthouse at Dobson, 25 August, 1930, being the time and place set by the order of Judge Clement, dated 16 August, 1930, and the court having considered the evidence introduced by the plaintiff, and the defendant, to wit, the petition and answer considered as affidavits, the affidavit of T. M. Marsh, clerk of the board of commissioners of Surry County, the minutes of the meeting of the board of commissioners of Surry County, held on 15 August, 1930, the minutes of the meetings of said board held on 14 June, and 5 July, 1928, and the first Monday in May, 1930, and the following Public-Local Laws of North Carolina:

Chapter 235, Session of 1919;

Chapter 141, Session of 1925;

Chapter 167, Session of 1927.

And the court being of the opinion that the purchasing agent for Surry County is not authorized by law to employ a road superintendent for the highways of said county on his sole authority; and it further appearing to the court that B. F. Folger, purchasing agent, has undertaken to his own authority to employ the defendant as road superintendent, and the defendant, prior to the institution of this action, had repeatedly stated his intention to undertake the duties of such employment, notwithstanding that such employment had not been ratified or

confirmed either by the board of commissioners for Surry County or the highway commission for Surry County, and that such acts on his part would cause irreparable injury to the county of Surry, and would interfere with the orderly and lawful operation of the work of maintaining and repairing the highways of the county, and the plaintiff is, therefore, entitled to the relief prayed for in the petition.

It is, therefore, ordered, adjudged and decreed that the defendant, Guy Sparger, be and he is hereby restrained from assuming the employment as road superintendent for Surry County, from taking possession of the supplies and equipment of the county relating to highways, from taking charge of the work of maintaining and repairing highways, from directing any of the works of the employees of the highway commission, and from doing any other act or thing as or purporting to act as road superintendent of Surry County.

It is further ordered that this restraining order shall continue in effect until the final hearing."

From the foregoing judgment the defendant appealed.

*Wm. Jackson and Parrish & Deal for plaintiff.*
*Folger & Folger for defendant.*

BROGDEN, J. The question of law involved is the power of the purchasing agent of Surry County to appoint a road superintendent without the approval of the board of county commissioners.

·Therefore, at the outset, the inquiry arises as to whether the remedy applicable to the facts is injunction or *quo warranto*. If *quo warranto* is the sole remedy, then the plaintiff cannot maintain this action. The applicability of the remedy of *quo warranto* depends upon whether or not the road superintendent of Surry County is an officer as contemplated and defined by law. This question is discussed in *Eliason v. Coleman,* 86 N. C., 236, and by McIntosh's North Carolina Practice and Procedure, section 964, page 1089, and cases cited in support of the text.

Chapter 235, Public-Local Laws of 1919, creating a highway commission for Surry County, authorizes said commission, in its discretion, to employ a road superintendent and such subordinates as may be necessary, and to delegate to him or such subordinates such power as the commission in its discretion may deem wise or expedient. In section 9 of the act it is provided that the commission "through its agent" is authorized to enter upon land, etc. In section 10 it is provided that any person who shall obstruct "the said commission, its agents or employees in making surveys or changing any road," etc., shall be guilty of a misdemeanor. Thus it appears that the General Assembly con-

templated that persons employed by the highway commission of Surry County should be deemed to be agents and employees. These positive legislative declarations exclude the idea that the road superintendent was an officer as contemplated by law. Therefore, the plaintiff was not required to resort to *quo warranto* in order to maintain an action against the defendant.

The board of county commissioners directed the purchasing agent to recommend a qualified person for the position of road superintendent. None of the legislative acts referred to undertake to abolish the board of county commissioners or to deprive said board of the power to discharge the duties imposed upon it by law. Nor does chapter 167, Public-Local Laws of 1927, when read and construed in connection with section 6, chapter 141, Public-Local Laws of 1925, subordinate the board of county commissioners to the control of the purchasing agent with reference to the employment of a superintendent of roads.

Affirmed.